O

JS6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RUSSELL MULLIN, | ) | CV 20-2061-RSWL-PJW |
|       Plaintiff, | ) ) ) | **ORDER re: Plaintiff's Motion to Remand** [7] |
|   v. | ) ) ) | |
| FCA US, LLC; SHAVER AUTOMOTIVE GROUP; and DOES 1 through 10, inclusive, | ) ) ) ) ) | |
|       Defendants. | ) | |

Plaintiff Russell Mullin ("Plaintiff") brings this Action against Defendant FCA US, LLC ("Defendant FCA") for violations of California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") and fraud by omission and against Defendant Shaver Automotive Group ("Defendant Shaver") for claims of negligent repair (collectively, "Defendants"). Currently before the Court is Plaintiff's Motion to Remand ("Motion") [7]. Having reviewed all papers submitted pertaining to the

1

Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

**A.  Factual Background**

Plaintiff alleges that Defendant FCA manufactured and/or distributed a 2017 Chrysler Pacifica, Vehicle Identification No. 2C4RC1BG1HR505819 (the "Vehicle"). Ex. B to Decl. of Leon Roubinian in Supp. of Defs.' Notice of Removal, Compl. ("Compl.") ¶ 8, ECF No. 1-3. Plaintiff alleges that he purchased the Vehicle on May 16, 2016.  Id.

Plaintiff alleges that during the Vehicle's warranty period, the Vehicle developed various defects, including a transmission defect (the "Transmission Defect").  Id. ¶ 16.  Plaintiff further alleges that Defendant FCA knew about the Transmission Defect since 2016, if not before, yet failed to mention it to its sales representatives and its consumers, including Plaintiff.  Id. ¶ 17.

Additionally, Plaintiff alleges that he took the Vehicle to Defendant Shaver, an automobile sales, service, and repair business in Ventura County, for "substantial repair on at least one occasion."  Id. ¶¶ 5, 59.  Plaintiff maintains that Defendant Shaver failed to "properly store, prepare, and repair the [] Vehicle in accordance with industry standards."  Id. ¶ 61.

///

B. **Procedural Background**

Plaintiff filed his Complaint [1-3] in Superior Court of the State of California, County of Los Angeles, on January 27, 2020, alleging violations of the Song-Beverly Act and fraud by omission against Defendant FCA and negligent repair against Defendant Shaver. Defendants removed this Action to this Court on March 2, 2020 [1]. Plaintiff filed the instant Motion to Remand [7] on March 17, 2020. Defendants filed their Opposition [8] on March 31, 2020, and Plaintiff replied [11] on April 7, 2020.

## II. DISCUSSION

A. **Legal Standard**

Civil actions may be removed from state court if the federal court has original jurisdiction. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, . . . original subject-matter jurisdiction [must] lie[] in the federal courts."). Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing

Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted). Courts resolve all ambiguities "in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**B.  Discussion**

Plaintiff contends that this Court lacks subject matter jurisdiction over this Action and so it should be remanded to state court. The Court undisputably lacks federal question jurisdiction; therefore, the issue is whether the Court has diversity jurisdiction. Thus, the burden is on Defendants to prove: (1) that the amount in controversy exceeds $75,000; and (2) that there is complete diversity of citizenship between the parties. See Sullivan, 813 F.2d at 1371; 28 U.S.C. § 1332.

///

4

1. <u>Amount in Controversy</u>

When a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir. 2007). But "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the applicable standard is by a preponderance of the evidence; this requires that the defendant offers evidence establishing that it is more likely than not that the amount in controversy is met, exclusive of costs and interest. <u>Id.</u> (citing <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition," and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 377 (9th Cir. 1997) (quoting <u>Allen v. R & H Oil & Gas. Co.</u>, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

Here, Plaintiff's Complaint alleges that he "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." Compl. ¶ 11. Thus, Plaintiff's Complaint does not clearly indicate that the $75,000 minimum amount in controversy is met. Therefore, Defendants must establish by a preponderance

5

of the evidence that the jurisdictional minimum has been satisfied.

        a. *Actual Damages*

Plaintiff seeks to recover for Defendant FCA's violation of an express warranty under the Song-Beverly Act, Cal Civ. Code § 1793.2. Actual damages under the Song-Beverly Act are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). To determine the amount directly attributable to the buyer's use of the vehicle, the manufacturer multiplies the price of the vehicle the buyer paid or will pay by a fraction—the denominator is 120,000, and the numerator is the number of miles the buyer drove the car before the first relevant repair. Id. This calculation provides the actual damages that Plaintiff suffered.

Defendants, relying on Plaintiff's assertion that he "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00," claim that Plaintiff seeks more than $25,001 in actual damages. See Defs.' Opp'n to Mot. ("Opp'n") 7:28-8:4, ECF No. 8; Compl. ¶ 11. Defendants further note that Plaintiff expressly seeks a civil penalty equal to two times Plaintiff's actual damages. Compl. ¶¶ 30, 37, 40, 44. Accordingly, Defendants argue, "the amount in controversy exceeds $75,000." Opp'n 8:3.

However, the Court finds that the allegations in

1 | Plaintiff's Complaint do not make clear whether he is
2 | seeking more than $25,001.00 in actual damages or total
3 | damages; the Complaint simply states, "Plaintiff
4 | suffered damages in a sum to be proven at trial in an
5 | amount that is not less than $25,001.00." Compl. ¶ 11.
6 | Defendants' "assertion that these damages refer only to
7 | actual damages is only an assumption." Edwards v. Ford
8 | Motor Co., No. CV 16-05852-BRO-PLAX, 2016 WL 6583585,
9 | at *4 (C.D. Cal. Nov. 4, 2016). Because removal
10 | jurisdiction is strictly construed against removal, the
11 | Court is not persuaded by Defendants' reading of the
12 | Complaint.
13 |     Alternatively, Defendants seek to show that the
14 | amount in controversy has been satisfied based on the
15 | Vehicle's purchase price. Defendants argue that
16 | "[u]sing the total cash price at $34,500.00 plus
17 | $69,000.00 as a 2X civil penalty pursuant to the
18 | Song-Beverly Act, totals $103,500.00," so "it is more
19 | likely than not that he amount in controversy exceeds
20 | $75,000." Notice of Removal ¶ 20, ECF No. 1.
21 | Plaintiff argues that the "mileage offset" might reduce
22 | Plaintiff's actual damages and thus impact the amount
23 | in controversy. Mem. of P. & A. in Supp. of Mot.
24 | ("Mem.") 7:6-10, ECF No. 7-1.
25 |     Plaintiff is correct that the mileage offset may
26 | reduce the amount in controversy. See Cortez Martinez
27 | v. Ford Motor Co., No. 1:18-CV-01607-LJO-JLT, 2019 WL
28 | 1988398, at *4 (E.D. Cal. May 6, 2019) (citing

7

1  Schneider v. Ford Motor Co., 756 Fed. Appx. 699, 701
2  (9th Cir. 2018) (unpublished)) ("The appellate court
3  noted the district court's consideration of the use
4  offset under the Song-Beverly Act to determine the
5  jurisdictional amount in controversy was valid."). The
6  set-off amount is determined by multiplying the
7  "'actual price of the new motor vehicle paid or payable
8  by the buyer . . . by a fraction having its denominator
9  120,000 and having as its numerator the number of miles
10 traveled by the new motor vehicle prior to the time the
11 buyer delivered the vehicle'" for correction of the
12 problem. Maciel v. BMW of N. Am., LLC, 2017 WL
13 8185859, at *2 (C.D. Cal. Aug. 7, 2017) (quoting Cal.
14 Civ. Code § 1793.2(d)(2)(c)).
15     Here, Defendants failed to take into account the
16 mileage offset in alleging that the amount in
17 controversy exceeds the jurisdictional minimum. In
18 fact, Defendants admit that they "would have needed to
19 determine when and what was the first repair attempt"
20 to calculate the appropriate mileage offset. Opp'n
21 6:18-24. But, Defendants argue, "that information was
22 not contained in Plaintiff's Complaint." Id. at 6:24.
23 However, Defendants could have submitted their own
24 evidence in order to calculate the mileage offset;
25 Plaintiff alleges that he "delivered the [] Vehicle to
26 Defendant Shaver for substantial repair on at least one
27 occasion." Compl. ¶ 59. As such, Defendant Shaver
28 could have submitted its own repair records indicating

the mileage on the Vehicle when it was delivered for repair, and calculated the appropriate mileage therefrom. See Schneider v. Ford Motor Co., No. 5:19-CV-05545-EJD, 2020 WL 991531, at *4 (N.D. Cal. Mar. 2, 2020) ("Plaintiff's Complaint and exhibits do not indicate what the appropriate offset should be in this case. Defendants, however, attached an exhibit that reflects that the most recent repairs to Plaintiff's vehicle occurred at 75,943 miles on October 5, 2017."); see also Cortez Martinez, 2019 WL 1988398, at *4 (E.D. Cal. May 6, 2019) (allowing the defendant's calculation of the mileage offset for the purposes of establishing the amount in controversy based on an estimate defendant made about a reasonable amount of miles the plaintiff could have driven, absent any knowledge of the actual amount driven). Because Defendants neglected to take the mileage offset into account, they failed to meet their burden of showing Plaintiff's actual damages based on the purchase price of the vehicle.

The Court is unpersuaded by Defendants' reading of the Complaint and thus finds that Defendants have not met their burden of proving Plaintiff's actual damages based on the purchase price of the Vehicle.

        b.  *Civil Penalties*

The amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law. Brady v. Mercedes-Benz

9

1 USA, Inc. 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002)
2 (citing Davenport v. Mutual Ben. Health & Acc. Ass'n,
3 325 F.2d 785, 787 (9th Cir. 1963)).  The Song-Beverly
4 Act does not provide for punitive damages but "[c]ourts
5 have held that the civil penalty under [Song-Beverly]
6 is akin to punitive damages, because both have the dual
7 effect of punishment and deterrence for defendants."
8 Id. (citations omitted).  Moreover, "courts have held
9 in other contexts that treble damages authorized by
10 state law may be included in determining the amount in
11 controversy" and Song-Beverly "in effect authorizes
12 treble damages."  Id. (citations omitted).  Therefore,
13 the Court can include the Song-Beverly Act's civil
14 penalty damages in the amount in controversy
15 calculation.
16      The amount recoverable under the Song-Beverly Act
17 is up to two times the amount of actual damages
18 Plaintiff suffered.  Brady, 243 F. Supp. at 1009.  "If
19 the amount of actual damages is speculative, however,
20 an attempt to determine the civil penalty is equally
21 uncertain."  Chavez v. FCA US LLC, No. CV 19-06003-ODW-
22 GJSX, 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020)
23 (citing Edwards, 2016 WL 6583585, at *4).  Accordingly,
24 because the amount of actual damages in uncertain, the
25 Court is unable to determine what civil penalties might
26 be imposed.  Put differently, Defendants have failed to
27 satisfy the burden of proof necessary to include civil
28 penalties in the amount in controversy.

          c.   *Attorneys' Fees*

Future attorneys' fees are to be included when determining the amount in controversy. <u>Fritsch v. Swift Transportation Co. of Arizona, LLC</u>, 899 F.3d 785 (9th Cir. 2018). However, a "district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." <u>Id.</u> at 795.

Here, Defendants offered their calculation of the amount in controversy and merely mentioned that the "amount does not consider Plaintiff's claims for attorneys' fees." Opp'n 8:13-14. Defendants provided no estimate of attorneys' fees likely to be expended, hourly rates, or evidence of attorneys' fees in similar cases. This is an insufficient basis upon which the Court could include attorneys' fees in the amount in controversy calculation. See <u>John Wallace Eberle v. Jaguar Land Rover North America, LLC</u>, No. 2:18-cv-06650-VAP-PLA, 2018 WL 4674598, *3 (C.D. Cal. Sept. 26, 2018) (finding defendant's claim that it is unaware of plaintiff's hourly rate but anticipates the fees to be in excess of the "less than $5,000"amount insufficient); <u>Conrad Assocs. v. Hartford Accident & Indemnity Co.</u>, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (finding that a defendant failed to establish the amount in controversy when including attorneys' fees without estimating "the amount of time each major task will take," or varying the hourly billing rate for each

task). Because any attorneys' fees that could be awarded is speculative, the Court cannot include attorneys' fees in its amount in controversy calculation.

Ultimately, the Court finds that Defendants failed meet their burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Defendants failed to establish that this Court has subject matter jurisdiction pursuant to diversity under 28 U.S.C. § 1332. As such, because this Court lacks subject matter jurisdiction over the Action, the Court **GRANTS** Plaintiff's Motion.

    2.  <u>Complete Diversity</u>

Because Defendants have failed to meet their burden of showing that the amount in controversy exceeds the jurisdictional minimum, the Court need not address whether complete diversity between the parties exists.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand. The Clerk shall **REMAND** this Action to the Superior Court of California, County of Los Angeles, Case No. 20STCV03381 and close this matter.

**IT IS SO ORDERED.**

DATED: May <u>14</u>, 2020       /s/ Ronald S.W. Lew

                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge